COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-360-CR

 

 

EX PARTE
MICHAEL EDWIN MIETH

                                                                                                        

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted Appellant Michael Edwin Mieth of
felony DWI.  He had brought a concealed
razor blade into the courtroom.  After
learning of the guilty verdict but before the punishment phase began, and
outside the presence of the jury, he cut himself with the razor blade.  A struggle with authorities ensued, during
which Appellant bit one of the State=s
investigators.








During the subsequent punishment phase of the
trial, the jury heard evidence about Appellant=s
criminal history and about the cutting incident.  The State proved that Appellant had brought
the razor blade from his jail cell and into the courtroom so that he could
commit suicide with it if the jury convicted him.  He testified that he would rather die than go
back to prison for a minimum of twenty-five years.  The State argued briefly that the jury should
consider Appellant=s prior record and the courtroom
struggle over the razor blade in assessing punishment.  The jury sentenced Appellant to twenty-five
years=
confinement.

Appellant was subsequently charged by indictment
(for the cutting incident) with the offense of possession of a deadly weapon in
a penal institution.  He filed a pretrial
application for writ of habeas corpus, alleging that because the evidence of
the cutting had been used in assessing his punishment during the previous
trial, the subsequent prosecution of that offense violated his federal and
state constitutional rights against double jeopardy.  The trial court denied Appellant=s
requested relief.

On appeal, Appellant argues that the trial court
violated his federal and state constitutional rights against double jeopardy by
denying the relief requested in his amended application for writ of habeas
corpus.  Because we hold that the trial
court did not abuse its discretion, we affirm the trial court=s order.








As Appellant points out, the double jeopardy
clause contained in  both the state and
federal constitutions protects against multiple punishments for the same
offense.[2]  It seems logical to conclude that when a jury
is instructed to consider extraneous offense evidence in determining the
appropriate punishment for a defendant in a criminal case, and the jury is also
instructed that it must find beyond a reasonable doubt that Appellant is guilty
of the offense before being allowed to consider the extraneous offense, the
jury is being instructed to punish the defendant for the extraneous act of
misconduct.  As logical as that position
may be, it, unfortunately for Appellant, is not the law.  Rather, the courts have explained that the
fact finder at punishment needs to have information about the individual
defendant, including his criminal background, in order to make an appropriate
sentencing decision.[3]  The trial court therefore did not abuse its
discretion by denying Appellant=s
requested relief.  We overrule Appellant=s sole
point and affirm the trial court=s order.

 

 








 

LEE
ANN DAUPHINOT

JUSTICE

PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

PUBLISH

DELIVERED:  July 20, 2006











[1]See Tex. R. App. P.
47.4.





[2]U.S. Const.
amend. V; Tex. Const. art. I, ' 14;
United States v. Halper, 490 U.S. 435, 440, 109 S. Ct. 1892, 1897 (1989), rev=d
on other grounds by Hudson v. United States, 522 U.S. 93, 118 S. Ct. 488 (1997).





[3]Ex parte Broxton, 888 S.W.2d 23, 28 (Tex. Crim. App. 1994), cert. denied,
515 U.S. 1145 (1995).